# **EXHIBIT A**

| STATE OF NORTH CAROLINA | File No. 20 CVS 6976 |
|---|---|
| Cumberland County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Aaron Thomas Graham |
| Address |
| PO Box 1389 |
| City, State, Zip |
| Dunn NC 28335 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| Family Dollar Stores of North Carolina, Inc. |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Family Dollar Stores of North Carolina, Inc.<br>c/o Corporation Service Company, its Registered Agent<br>2626 Glenwood Avenue, Suite 500<br>Raleigh NC 27608 | |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 12/30/2020 | Time 10:56 ☒ AM ☐ PM |
|---|---|---|
| Brenton D. Adams, Esq.<br>Brent Adams & Associates<br>PO Box 1389<br>Dunn NC 28335 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

| STATE OF NORTH CAROLINA | File No. 20 CVS 6976 |
|---|---|
| Cumberland County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name And Address Of Plaintiff 1**
Aaron Thomas Graham
c/o Brent Adams & Associates
PO Box 1389
Dunn, NC 28335

**Name And Address Of Plaintiff 2**

FILED
2020 DEC 30 A [illegible]
CUMBERLAND CO., C.S.C.
BY_____

# GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

**Name And Address Of Defendant 1**
Family Dollar Stores of North Carolina, Inc.
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

**Summons Submitted** ☒ Yes ☐ No

**Name And Address Of Defendant 2**

**Summons Submitted** ☐ Yes ☐ No

**Name And Address Of Attorney Or Party, If Not Represented**
Brenton D. Adams
Brent Adams & Associates
PO Box 1389
Dunn, NC 28334

Telephone No.: 910-892-8177
Cellular Telephone No.:
NC Attorney Bar No.: 11
Attorney Email Address: brent@brentadams.com

☒ Initial Appearance in Case  ☐ Change of Address

Name Of Firm: Brent Adams & Associates
Fax No.: 910-483-7903

**Counsel For**
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF CUMBERLAND | SUPERIOR COURT DIVISION |
| | 20 CVS 6976 |

Aaoron Thomas Graham,

    Plaintiff,

v.

Family Dollar Stores of North Carolina, Inc.,

    Defendant.

**COMPLAINT**
*(Jury Trial Requested)*

NOW COMES Plaintiff, complaining of Defendant, and as a cause of action and alleges and says:

1. That at all times mentioned herein, Defendant, Family Dollars Stores of North Carolina, Inc., (hereinafter referred to collectively as, "Defendant Family Dollar Store" or "Defendant"), owned the retail store known as the Family Dollar Store, located at 4112 Raeford Road, Fayetteville, North Carolina.

2. That at all times mentioned herein, Defendant operated a retail store commonly known as the Family Dollar Store, located at 4112 Raeford Road, Fayetteville, North Carolina.

3. That on November 29, 2020, Plaintiff visited Defendant's retail store, located at 4112 Raeford Road in Fayetteville, North Carolina, for the purpose of shopping for merchandise.

4. That at all times while in the store, Plaintiff was wearing his protective mask to protect other people from infection.

5. That Plaintiff was well behaved in the store.

6. That Plaintiff did not cause any disturbance whatsoever.

7. That Plaintiff's entry in the store was lawful.

8. That Plaintiff was a business invitee into the store.

9. That Plaintiff did not do anything to provoke anyone else in the store.

10. That while shopping at the store, a former store employee, Jerome Pigford, instructed Plaintiff to leave the store.

11. That as Plaintiff was leaving the store, he asked for an explanation as to why he was being asked to leave the store.

12. That upon being instructed to do so by Jerome Pigford, Plaintiff left the store as instructed.

13. That as he was leaving the store, Plaintiff did protest and inquired as to why he was being asked to leave the store.

14. That words were exchanged between Plaintiff and Jerome Pigford.

15. That Jerome Pigford followed Plaintiff out of the store.

16. That Jerome Pigford had a box cutter in his hand and began walking towards Plaintiff.

17. That Jerome Pigford reached Plaintiff outside the store.

18. That while outside the store, Defendant Pigford slashed Plaintiff's throat open with the box cutter.

19. That after his throat was slashed open, Plaintiff fell to the ground, bleeding profusely.

20. That there was no justification or excuse whatsoever for Jerome Pigford to assault Plaintiff.

21. That at all times mentioned herein, Jerome Pigford was an agent and employee of Defendant Family Dollar Store and was acting within the course and scope of his employment.

That Defendant is liable to the Plaintiff for the conduct of their employee Jerome Pigford under the doctrine of respondeat superior.

22. That Defendant's agent and employee, Jerome Pigford, was negligent and failed to exercise due care as a reasonable and prudent person in his conduct towards Plaintiff.

23. That at the time of the injury suffered by Plaintiff, and prior thereto, Defendant's agent and employee Jerome Pigford was negligent in that he:

    A. Improperly used a box cutter with a sharp razor installed when dealing with Plaintiff.

    B. Negligently struck Plaintiff with Defendant's box cutter which was negligently opened and which exposed the sharp edge towards Plaintiff's throat.

    C. Negligently failed to control his temper and he engaged in improper conduct with respect to Plaintiff.

24. That as a result of the negligence of Defendant's employee, Jerome Pigford, Plaintiff suffered painful, serious, and permanent personal injuries.

25. That as a result of the conduct of Jerome Pigford, Plaintiff suffered life-threatening injuries, which involved urgent medical attention and which resulted in permanent and painful personal injuries.

26. As a result of the conduct of Jerome Pigford, Plaintiff's body has been grossly disfigured.

27. That as a result of the gross disfigurement of Plaintiff's body, Plaintiff has experienced embarrassment and humiliation, and will continue to experience embarrassment and humiliation for the remainder of his life.

28. That as a result of the conduct of Jerome Pigford, Plaintiff has experienced emotional stress and strife, and has been adversely affected with emotional problems which require professional care.

29. That as a result of the conduct of Jerome Pigford, Plaintiff has experienced physical pain and mental suffering, and will continue to experience physical pain and mental suffering for the remainder of his life.

30. That Defendant is indebted to Plaintiff for the personal injuries and mental suffering experienced by Plaintiff in the past and the physical pain and mental suffering which will be suffered by Plaintiff in the future.

31. That Jerome Pigford has a long criminal record.

32. That Jerome Pigford's criminal record includes, assault, carrying a concealed weapon, assault on a female, conspiracy to possess with intent to distribute and distribute cocaine base (crack), distribution of cocaine base (crack) and aiding and abetting, maintaining a dwelling for the purpose of distributing cocaine base (crack) and aiding and abetting.

33. That Jerome Pigford was not a suitable person to work in the Defendant's store dealing with retail customers.

34. That Jerome Pigford was a risk to the Defendant's customers because of his history of violence and aggression.

35. That Defendant is indebted to Plaintiff for the wrongful conduct of Jerome Pigford under the doctrine of *respondeat superior*.

## CORPORATE NEGLIGENCE OF DEFENDANTS

36. That the allegations contained in Paragraphs 1 through 35 above are incorporated herein by reference as if fully set out herein.

4

37. That the injuries suffered by Plaintiff as set out above were caused by the negligence of Defendant as set out herein.

38. That the negligence of Defendant as set out above are separate and apart from the conduct of Jerome Pigford and gives rise to a cause of action directly against Defendant's corporation for its own negligence.

## NEGLIGENT HIRING

39. That the allegations contained in Paragraph 1 through 38 above are incorporated herein by reference as if fully set out herein.

40. That Defendant was negligent in hiring Jerome Pigford.

41. That Defendant violated its own policies and procedures when it hired Jerome Pigford in the following ways:

   A. Defendant failed to properly vet and screen Jerome Pigford before hiring him;

   B. Defendant failed to obtain necessary background checks to determine the suitability of Jerome Pigford for working with the public;

   C. Defendant failed to obtain the criminal records of Jerome Pigford to determine whether he had a history of violence and whether he constituted a risk of harm to customers of Defendant;

   D. Defendant failed to conduct necessary psychiatric and psychological evaluations of Jerome Pigford before they hired him and exposed the public to Jerome Pigford;

   E. Defendant failed to take other necessary steps to be sure that Jerome Pigford would not constitute a risk of physical harm to its customers, including Plaintiff;

F. It failed to enact and enforce sufficient and necessary policies and procedures for hiring appropriate personnel to work with the public in its stores; and

G. It failed to properly enforce the policies and procedures it did establish for the hiring of personnel which would work in its stores and therefore, constitute a risk of harm to its customers, including Plaintiff.

## NEGLIGENT SUPERVISION

42. That the allegations contained in Paragraph 1 through 41 above are incorporated herein by reference as if fully set out herein..

43. That Defendant failed to properly supervise its employees including Jerome Pigford.

44. That Defendant failed to keep a close eye on Jerome Pigford to determine abnormal or aberrant behavior towards the shopping public and the customers of Defendant.

45. That Defendant failed to sustain close contact with Jerome Pigford, failed to supervise him, and failed to determine his attitudes and conduct towards the general public.

46. That Defendant failed to properly instruct, supervise, and discipline Jerome Pigford and failed to monitor his conduct to be sure that the general public would not be in danger by being exposed to Jerome Pigford.

## NEGLIGENT TRAINING

47. That the allegations contained in Paragraph 1 through 46 are incorporated herein by reference as if fully set out herein..

48. That Defendant failed to properly train and educate Jerome Pigford on safe and proper methods to deal with the general public.

6

49. That Defendant failed to properly train Jerome Pigford on issues relating to anger management and his relations to the public.

50. That Defendant failed to properly train Jerome Pigford on ways to conduct himself in a manner which would not expose Defendant's customers to risk of harm.

51. That as a result of the negligent failure of Defendant to properly train Jerome Pigford, Plaintiff suffered the personal injuries referred to above.

## NEGLIGENT RETENTION

52. That the allegations contained in Paragraph 1 through 51 above are incorporated herein by reference as if fully set out herein..

53. That once Defendant hired Jerome Pigford to work in its store, it failed to monitor his performance to be sure that he was performing in a proper way with respect to Defendant's customers.

54. That once Defendant hired Jerome Pigford, Defendant failed to recognize that he contained dangerous characteristics which made him a threat to the public and exposed to the public to unreasonable risk of harm.

55. That Defendant negligently retained Jerome Pigford as its employee when, in the exercise of reasonable care and diligence, it should not have continued to retain Jerome Pigford as an employee.

56. That as a result of the negligent and wrongful retention of Jerome Pigford, Plaintiff has suffered serious, painful, and permanent injuries as referred to above.

## NEGLIGENT FAILURE TO ENACT AND ENFORCE PROPER POLICIES AND PROCEDURES

57. The allegations contained in Paragraphs 1 through 56 above are incorporated herein by reference as if fully set out herein.

58. That Defendant negligently failed to enact proper and sufficient policies and procedures with respect to its hiring, supervision, training, and retention of employees to be certain that those employees would not pose a risk of harm to their customers and to the shopping public in general.

## PROXIMATE CAUSE

59. The allegations contained in Paragraphs 1 through 58 above are incorporated herein by reference as if fully set out herein.

60. That as a result of the negligence of Defendant as set out above, Plaintiff has suffered serious, permanent, and painful personal injuries, which personal injuries are referred to above.

## PUNITIVE DAMAGES

61. That Paragraphs 1 through 60 above are incorporated herein by reference as if fully set out herein.

62. That the failure of Defendant to properly hire, train, supervise Jerome Pigford and its negligent retention of Jerome Pigford in its employ when it knew or should have known that continuing to employ Jerome Pigford was a danger to its customers was willful and wanton and gives rise to punitive damages.

63. That Defendant's negligent hiring, retention, negligent supervision, and training constituted aggravated conduct on the part of Defendant which gives rise to punitive damages.

WHEREFORE, Plaintiff prays the Court, as follows:

A. That Plaintiff have and recover of Defendant a sum in excess of $25,000.00 for compensatory and punitive damages;

B. That Plaintiff have a trial by jury on all issues allowed by law;

C. That Plaintiff have and recover of Defendant attorney's fees for the costs of bringing this action;

D. That the costs of this action be taxed to Defendant; and

E. That the Court grant such other and further relief as to the it may seem just and proper.

Dated this the ___ day of December, 2020.

BRENT ADAMS & ASSOCIATES

_____
BRENTON D. ADAMS    NC Bar No.: 11
PO Box 1389
Dunn, NC 28335
Phone: (910) 892-8177
Fax:    (910) 483-7903
Brent@brentadams.com
*Attorney for Plaintiff*

9